IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

IBRAHIM ALHAWWARIN,

                             Petitioner,

       -vs-                                 **No. 08-CV-6247(CJS)(VEB)**
                                          **REPORT AND RECOMMENDATION**

The UNITED STATES DEPARTMENT OF
HOMELAND SECURITY, BUREAU OF
IMMIGRATION AND CUSTOMS
ENFORCEMENT, BUFFALO FEDERAL
DETENTION CENTER FACILITY,

                             Respondents.

_____

## I.      Introduction

*Pro se* petitioner Ibrahim Alhawwarin ("Alhawwarin"), an alien under a final

order of removal from the United States, has filed a petition for a writ of habeas corpus pursuant

to 28 U.S.C. § 2241 challenging his detention in custody of the United States Department of

Homeland Security, Immigration and Customs Enforcement (collectively hereinafter "DHS").

Alhawwarin sought an order directing respondents to immediately release him from detention in

administrative custody pending his removal from the United States.[1] The Court notes that in the

petition's prayer for relief section, Alhawwarin also seeks the award of "attorney's fees and

---

[1]        The Real ID Act of 2005, Pub.L. No. 109-13, § 106(b), 119 Stat. 231 (2005), divested the district courts of jurisdiction over challenges to the validity of removal orders, *see Sandher v. Gonzales*, 481 F.3d 108, 110 (2d Cir. 2007). However, "[d]istrict courts retain jurisdiction over matters independent of removal challenges." *Maiwand v. Ashcroft*, No. CV-04-3185, 2005 WL 2340466, at *3 (E.D.N.Y. Sept. 26, 2005) (citing *Singh v. Chertoff*, 2005 WL 2043044, at *3 (N.D.Cal. Aug. 24, 2005) (holding that termination of petitioner's asylum status falls outside the scope of the jurisdictional bar of the REAL ID Act); *Harrison v. Hogan*, 2005 WL 2020711 (M.D.Pa. July 18, 2005) (retaining jurisdiction over petitioner's habeas challenge of detention); *Kanteh v. Ridge*, 2005 WL 1719217, at *1 (D. Minn. June 30, 2005) (transferring the part of petitioner's case that sought review of removal order to the court of appeals, but retaining jurisdiction over petitioner's challenge of his continued detention)).

costs" under the Equal Access to Justice Act ("the EAJA"). Petition at 10 (Docket No. 1).

Respondents argue that relief under the EAJA is not available to *pro se* petitioners such as

Alhawwarin. Respondent's Answer and Return (Docket No. 8); Respondent's Memorandum of

Law (Docket No. 9).

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A)

and (B) for the issuance, *inter alia*, or a report and recommendation regarding the disposition of

Alhawwarin's petition.

On October 30, 2008, respondents filed a motion to dismiss the petition on mootness

grounds, stating that Alhawwarin was released on October 9, 2008, from administrative custody

and removed from the United States. *See* Respondent's Motion to Dismiss (Docket No. 10);

Respondent's Supporting Memorandum of Law (Docket No. 11).

## II.     Background

Alhawwarin, a Palestinian, was taken into DHS custody on July 10, 2007, pending the

completion of immigration removal proceedings against him. By order dated October 24, 2007,

Alhawwarin's applications for asylum, withholding of removal, and Convention Against Torture

claim were denied, and he was ordered removed from the United States. *See* Declaration of

George Scott ("Scott Decl.") ¶ 10, Exhibit ("Ex.") A, pp. 15-16 (Docket No. 8-1). Alhawwarin

initially reserved appeal, but he withdrew his right to an administrative appeal on November 1,

2007. *Id.*, Ex. A, pp. 17-18 (Docket No. 8-1).[2]

---

[2]     Prior to the date that Alhawwarin withdrew his right to appeal, he had been detained pursuant to INA § 236(c), 8 U.S.C. § 1226(c), which applies to aliens in pre-final order detention. As of November 1, 2007, Alhawwarin was subject to mandatory detention for the ninety-day removal period pursuant to INA § 241(a), 8 U.S.C. § 1231(a), as an alien subject to a final order of removal.

As of April 7, 2008, the Consulate General of Israel in New York, New York, had approved Alhawwarin for removal to the Palestinian territories. Scott Decl., ¶ 14 (Docket No. 8-1). In their Answer and Return filed on September 16, 2008, respondents noted that DHS had recently scheduled a charter flight to the Palestinian territories within the next 30 days, and consequently there was a definite date for Alhawwarin to be removed from the United States. *See* Scott Decl., ¶ 17 (Docket No. 8-1).

Respondents now have submitted documentation showing that DHS accomplished Alhawwarin's removal from the United States on October 9, 2008. *See* Affidavit of Gail Y. Mitchell, Esq. ("Mitchell Aff."), ¶4 (Docket No. 10). Respondents have attached a copy of the Warrant of Removal/Deportation along with a copy of the confirmation of execution of the warrant by Deportation Officer Timothy Gunther. *See* Mitchell Aff., ¶5; Ex. A to Mitchell Aff. (Docket No. 10-1). Respondents argue that because Alhawwarin's removal has been effected, the only relief he requested in his petition–namely, release from continued detention in administrative custody–has been granted. *See* Respondent's Supporting Memorandum of Law at 3-4 (Docket No. 11). Consequently, respondents argue, the petition has been rendered moot and can be dismissed. *Id.* (Docket No. 11); *see also* Mitchell Aff., ¶¶6-7 (Docket No. 10).

## III.   Discussion

### A.      Petitioner's Removal from the United States and Mootness

Section 2241(c)(1) of Title 28 of the United States Code provides that district courts may consider habeas petitions from prisoners "in custody under or by color of the authority of the United States." 28 U.S.C. § 2241(c)(1). "The 'in custody' requirement is satisfied if the petitioner files the habeas petition before being deported." *So v. Reno*, 251 F. Supp.2d 1112,

1120 (E.D.N.Y. 2003) (citing *Gonzalez v. INS*, No. 01 Civ. 6229(HB), 2002 WL 31444952, at \*3

(S.D.N.Y. Oct. 31, 2002) (stating that petitioner satisfies "in custody" requirement of 28 U.S.C. §

2241 so long as he is in physical custody at the time the petition is filed even if petitioner is later

deported)).

"A non-citizen who has been deported must go beyond satisfying the 'in custody'

requirement of the federal habeas statute; it must also be demonstrated that the case is not moot

as a result of the deportation." *So*, 251 F. Supp.2d at 1120-21. "'[A] case is moot when the issues

presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'"

*County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (quoting *Powell v. McCormack*, 395

U.S. 486, 496 (1969)); *accord County of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000); *New*

*York City Employees' Retirement System v. Dole*, 969 F.2d 1430, 1433 (2d Cir.1992). The

Supreme Court has explained that

> when the challenged conduct ceases such that "'there is no reasonable expectation
> that the wrong will be repeated,'" *United States v. W.T. Grant Co.*, 345 U.S. 629,
> 633, 73 S. Ct. 894, 97 L. Ed. 1303 (1953), then it becomes impossible for the
> court to grant "'any effectual relief whatever' to [the] prevailing party," *Church of*
> *Scientology of Cal. v. United States,* 506 U.S. 9, 12, 113 S. Ct. 447, 121 L. Ed.2d
> 313 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653, 16 S. Ct. 132, 40 L. Ed.
> 293 (1895)). In that case, any opinion as to the legality of the challenged action
> would be advisory.

*County of Erie v. Pap's A.M.*, 529 U.S. at 287.

Here, by this habeas corpus petition, Alhawwarin only sought release from custody. He

does not have any challenges to the deportation order pending in any court; indeed, as

respondents have noted, Alhawwarin forewent his right to appeal the final order of removal

against him. Because the only relief Alhawwarin sought from this Court was release from DHS

custody, his habeas petition became moot upon his deportation from the United States, which

terminated his detention in custody of DHS. *See So v. Reno*, 251 F. Supp.2d at 1124 ("Mr. So's

challenge to the lawfulness of the length of time that he has been held in the physical custody of

the INS is moot. Since Mr. So has already been deported, it is impossible to grant his request for

supervised release or release on bond or supervision until he can be deported."). Alhawwarin's

habeas petition no longer presents a "live" case or controversy for purposes of satisfying  Article

III, Section 2 of the United States Constitution. Therefore, it should be dismissed as moot.

### B.       Recovery Under the EAJA

"The EAJA provides that courts shall award fees and other expenses to parties who

prevail in civil actions brought by or against the United States unless the position of the

Government is substantially justified." *Vaccio v. Ashcroft*, 404 F.3d 663, 664 (2d Cir. 2005)

(holding that"civil actions" under the EAJA "encompass *immigration* habeas petitions")

(emphasis in original) (citing 28 U.S.C. § 2412(d)(1)(A); *accord Toutounjian v. INS*, 2 F.

Supp.2d 374, 377 (W.D.N.Y. 1998) (Curtin, J). In the present case, the EAJA does not apply.

First, it is well-settled that a *pro se* litigant is not entitled to attorneys' fees under the EAJA.

*Securites & Exch. Comm'n v. Price Waterhouse*, 41 F.3d 805, 808 (2d Cir.1994). Because

Alhawarrin has proceeded *pro se* at all stages of this action before the district court, he is not

entitled to attorneys' fees under the EAJA. *Liberman v. Barnhart*, 232 F. Supp.2d 18, 19

(E.D.N.Y. 2002). With regard to his request for "costs," the EAJA does not entitle Alhawwarin

to recover costs because he proceeded *pro se* at all stages of this action. *Id.* (citing *Maida v.

Callahan*, 148 F.3d 190, 193 (2d Cir.1998) (preventing the recovery of costs against the

government under the EAJA "where the potential awardee has proceeded under the *in forma*

*pauperis* statute"). Therefore, Alhawwarin's request for "fees and costs" under the EAJA should be denied.

### III.    Conclusion

For or the reasons stated above, the Court recommends that respondent's motion to dismiss be granted and that Ibrahim Alhawwarin's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 be dismissed. Because Alhawwarin has not made a substantial showing of a denial of a constitutional right, I recommend that a certificate of appealability not issue. *See* 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."); *see also Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000). Therefore, the Court recommends that no certificate of appealability should issue with respect to any of petitioner's claims.

/s/ *Victor E. Bianchini*

_____
VICTOR E. BIANCHINI
United States Magistrate Judge

Dated:  October 31, 2008
        Rochester, New York.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b) and Local Rule 72.3(a)(3).

The District Court ordinarily will refuse to consider on *de novo* review arguments, case law and evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. *See*, *e.g.*, *Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to petitioner and respondent.

**IT IS SO ORDERED.**

/s/ *Victor E. Bianchini*

VICTOR E. BIANCHINI
United States Magistrate Judge

Dated: Rochester, New York
          October <u>31</u>, 2008.